FOSTER PHELPS *v.* ROBERT W. LAIRD.

*Petition to Vacate Levy of Execution on Real Estate.* **Gen.**
*Sts. c.* 47, *ss.* 46, 47.

The notice to the adverse party required by s. 47, c. 47, Gen. Sts., in proceedings by
petition on s. 46, to vacate a levy of execution on real estate, must be given within
two years from the return of the execution. The filing of the petition, with certi-
fied copies of the judgment, &c., within the statutory period, will not prevent the
running of the statute, if the notice be not also given within that period.

THIS was a petition to vacate a levy of execution on real estate,
brought to the Supreme Court in Essex County, at the August
Term, 1876.

The petition alleged that in September, 1874, the petitionee,
then of Monroe, in the State of New Hampshire, recovered judg-
ment in Essex County Court against the petitioner and another,
for $580.86, damages, and $34.06, costs; that an execution was
duly issued thereon on October 12, 1874, and extended on the
petitioner's land on November 23, 1874; and that said extent
was informal and void, in that the petitioner was not notified to
be present and choose, and did not act in choosing, an appraiser
or appraisers, &c. Certified copies of the judgment, execution
and extent were filed with the petition. The execution was re-
turned on December 4, 1874.

The cause was continued for notice to the defendant. Publi-
cation was ordered but not made, and on July 24, 1877, the
petition with a citation thereon in the usual form was served on
the petitionee, who was thereby duly notified to appear before
said court at its August Term, 1877, and answer said petition.
The petitionee then appeared by attorney, and moved to dismiss
the petition for the reason, among others, " that said petition with
a certified copy of the judgment, execution and extent were not
filed in court within two years from the time said extent was re-
turned, and due notice thereof given to the defendant.".

*W. & H. Heywood,* for the petitioner.

It was not necessary to give the notice within the two years. If the intention had been to require notice to be given within the two years, the statute would have so provided. The intention was to permit notice to be given afterwards. Gen. Sts. c. 47, s. 47.

*Belden & Ide,* for the petitionee.

The purpose of the statute is to prescribe a limit to the time for the commencement of such proceedings. It fairly implies a legislative assurance that after the lapse of two years from the return of the extent, the levying creditor may, as to formal defects, assume his title without waiting longer, or searching in the files of the court for evidence that his title is in dispute. Gen. Sts. c. 47, ss. 46, 47.

The opinion of the court was delivered by

DUNTON, J.   The extent or levy in question was returned on the 4th day of December, 1874.   The petition and a certified copy of the judgment, execution and extent, were filed in this court, in Essex County, at the August Term thereof, A. D. 1876, at which term the cause was continued, for notice to the defendant, to the next term of said court ; . the defendant being then a resident of New Hampshire, an order of publication was made therein.   No publication was made, but the petition and a citation thereon in the usual form were served upon the defendant on the 24th day of July, A. D. 1877, whereby he was duly notified to appear before said court at the August Term thereof A. D. 1877, and answer to said petition.   The defendant appeared at said last named term by his attorneys, and moved to dismiss the petition for the reason, among others, " that said petition with a certified copy of the judgment, execution and extent were not filed in court within two years from the time said extent was returned, and due notice thereof given to the defendant."

It will be perceived that while said petition with the necessary papers were filed in court within two years from the date of the return of the extent, the petition and citation were not served upon the defendant until after that period.

It is claimed by the counsel for the petitioner that this is a substantial compliance with the statute ; but the majority of the court think otherwise. In their opinion, it was the intention of the Legislature that these proceedings should be instituted, and due notice thereof given to the proper party or parties, within two years from the date of the return of the extent sought to be set aside.

There is no decision that we are aware of to aid us in construing the statute under which these proceedings were instituted ; and the position and wording of the last clause of the 47th section are such as to make it ambiguous and susceptible of either construction claimed for it in the argument, but the majority of the court are of the opinion that it should be construed as above indicated, and that the motion to dismiss should prevail.

It is therefore adjudged that the petition be dismissed with costs.

REDFIELD and DUNTON, JJ., dissent.